James D. DOMICO, et al.,
Plaintiffs-Appellants,

v.

RAPIDES PARISH SCHOOL BOARD, et al., Defendants-Appellees.

No. 81–3364.

United States Court of Appeals,
Fifth Circuit.

May 7, 1982.

Rehearing and Rehearing En Banc Denied June 2, 1982.

* District Judge for the Eastern District of Louisi- ana, sitting by designation.

Gravel, Roberts & Brady, James J. Brady, Alexandria, La., for plaintiffs-appellants.

Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, La., for defendants-appellees.

Before CLARK, Chief Judge, THORNBERRY and GARZA, Circuit Judges.

THORNBERRY, Circuit Judge:

Once again, this Court is confronted with a hairstyle case, leaving unfulfilled our earlier hope that "the public, with growing thousands of entirely responsible adult members of the community wearing all sorts of hair and face trims, has come to its senses and does not see in such variations the seeds of violence and revolution." *Hander v. San Jacinto Junior College*, 519 F.2d 273, 281–82 (5th Cir. 1975) (Brown, J., concurring).

During the autumn of 1980, the Rapides Parish School Board announced that its "Student Dress Code," which prohibited students from wearing beards, would apply to all employees in the school system. Faced with the prospect of harsh discipline or termination, a number of bearded employees—including teachers and bus drivers, all of them tenured—filed suit in federal district court alleging violations of their civil rights. The district court held a trial and then granted the school board's motion for a directed verdict. The court found that the plaintiffs' suit failed to state a claim under federal law, because "there is no constitutionally protected right at stake." According to the district court,

> [e]mployees of a public school system do not have a constitutionally protected right to wear beards. There is no need for the defendants to prove either a compelling interest or a rational relationship between the rule and a public purpose. There is no need for this court to become involved in this question.

Plaintiffs now appeal that decision.

The sole issue presented by plaintiffs' appeal is whether the district court erred by directing a verdict for the defendant school board against the plaintiffs' federal civil rights claims. Because we find no error in the directed verdict, we must affirm the district court's decision; however, because we disagree with the district court's reasoning, we feel compelled to voice our own analysis.

Contrary to what the district court stated, there is a constitutional liberty interest in choosing how to wear one's hair. In fact, this Circuit has twice invoked such a right in order to invalidate rules prescribing the choice of coiffure or beard: in the first case, striking down rules that regulated the length of male college students' hair, *see Lansdale v. Tyler Junior College*, 470 F.2d 659 (5th Cir. 1972) (en banc), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2268, 36 L.Ed.2d 964 (1973), and in the second, voiding rules that prevented college teachers from wearing beards, *see Hander v. San Jacinto Junior College, supra*, 519 F.2d 273. The *Lansdale* Court made clear that the case law "unqualifiedly includes the right of

citizens to choose their mode of personal hair grooming within the great host of liberties protected by the Fourteenth Amendment from arbitrary state action." *Lansdale v. Tyler Junior College, supra,* 470 F.2d at 663.

■ But the discovery of a constitutional right does not end the inquiry, for the right may be regulated so long as the deprivation is not arbitrary.[1] "The constitutional issue to be decided ... is whether [the school board's] determination that such regulations should be enacted is so irrational that it may be branded 'arbitrary,' and therefore a deprivation of [plaintiffs'] liberty interest in freedom to choose [their] own hairstyle." *Kelley v. Johnson,* 425 U.S. 238, 248, 96 S.Ct. 1440, 1446, 47 L.Ed.2d 708 (1976).

■ Here, the school board has made a quite rational determination to limit its employees' choice of hairstyle, and we therefore will not intervene. In the high school environment, a hairstyle regulation is a reasonable means of furthering the school board's undeniable interest in teaching hygiene, instilling discipline, asserting authority, and compelling uniformity. This Court recognized in *Karr v. Schmidt,* 460 F.2d 609 (5th Cir.) (en banc), *cert. denied,* 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972), that such goals are indeed the legitimate concern of the school board and that a hairstyle regulation is not an unreasonable method of achieving them. In short, the school system's educational and disciplinary needs provide a rational basis for a rule limiting its employees' liberty in hairstyle choice. *Cf.* Diamond, The First Amendment and Public Schools: The Case Against Judicial Intervention, 59 Texas L.Rev. 477 (1981) (arguing for judicial deference in scrutinizing the public elementary and secondary schools because of their unique pedagogical role in instilling societal values and responsibilities).

■ Moreover, as we read the case law, this Circuit has established a bright line applicable to hairstyle regulation cases: at the public college level, hairstyle regulations cannot, absent exceptional circumstances, be justified by the school's asserted educational and disciplinary needs, while in the public elementary and secondary schools, such regulations are always justified by the school's needs. *Compare Lansdale v. Tyler Junior College, supra,* 470 F.2d 659, *and Hander v. San Jacinto Junior College, supra,* 519 F.2d 273, *with Karr v. Schmidt, supra,* 460 F.2d 609. "The place where the line of permissible hairstyle regulation is drawn is between the high school door and the college gate." *Lansdale v. Tyler Junior College, supra,* 470 F.2d at 663. And despite plaintiffs' assertions, this distinction turns upon the difference between the high school and college environments, not between adolescents and adults. Admittedly, the cases contain language distinguishing between students and adults, but "the significant aspect of [the *Lansdale*] case was the difference between the high school and college environments." *Hander v. San Jacinto Junior College, supra,* 519 F.2d at 276. In the high school environment, the school board "undoubtedly may consider an individual's appearance as one of the factors affecting his suitability for a particular position.... If a school board should correctly conclude that a teacher's style of dress or plumage has an adverse impact on the educational process, and if that conclusion conflicts with the teacher's interest in selecting his own lifestyle, we have no doubt that the interest of the teacher is subordinate to the public interest." *Miller v. School District No. 167, Cook County, Illinois,* 495 F.2d 658, 667 (7th Cir. 1974). The same may be said about other school system employees, such as bus drivers, who also come into regular or substantial contact with the students. As the evidence below showed and as the Fifth

---

1. The plaintiffs cannot claim that the right to choose one's hairstyle is a fundamental right whose deprivation will draw stricter scrutiny from the courts. Fundamental rights have generally been limited to basic matters such as procreation and family life. *See, e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923).

Circuit case law compels, there is a rational basis for regulating these adults in the high school setting. We therefore affirm the district court's decision granting a directed verdict for the defendant school board.

AFFIRMED.