**Larry LOWMAN, Appellee,**

v.

**Richard DAVIES, Parks Division Director, Arkansas Department of Parks & Tourism, Individually and in his Official Capacity, Appellant.**

No. 82–1933.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 3, 1983.

Decided April 13, 1983.

Rehearing and Rehearing En Banc Denied June 30, 1983.

Jay Thomas Youngdahl, Arthur Sadin, Youngdahl & Larrison, American Civil Liberties Union, Little Rock, Ark., for Larry Lowman, appellee.

Steve Clark, Atty. Gen., Mary B. Stallcup, Asst. Atty. Gen., Little Rock, Ark., for appellant.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellee Larry Lowman is employed by the appellant, the Arkansas Department of Parks & Tourism, Parks Division, as a Park Naturalist at Village Creek State Park. In December, 1981 the Division issued a regulation requiring park superintendents, rangers, and naturalists to keep their hair cut above collar-length.[1] Lowman's hair is

---

1. The regulation provides in pertinent part:
   *Males in Uniform*
   Males shall maintain hair length so there is no hair below the collar or the lobe of the ear. Hair will be clean and combed in a neat, orderly manner and shall present a tapered appearance on the back and side of the head. Conservative Afro-style hair is acceptable.

longer than that allowed by the regulation. Lowman was given an oral warning in May, 1982 that he was in violation of the regulations. In June he was given a written warning, which also informed him that he would be suspended and then fired if he did not cut his hair. Division regulations require an administrative hearing for employees who are being fired, but Lowman's hearing was scheduled to be held after his termination date. Lowman filed suit against Richard Davies, Division Director, seeking declaratory and injunctive relief. He alleged that the regulation (1) violated his constitutional right to govern his appearance, (2) was promulgated as the result of a personal vendetta against him by certain Division personnel in violation of his due process rights, and (3) as applied to him, deprived him of a protected property interest in his job without procedural due process. After a hearing, the district court found that the regulation violated Lowman's constitutional right to govern his personal appearance. Davies was permanently enjoined from applying the regulation to Lowman, and the district court awarded attorneys' fees to Lowman's lawyers. Davies appeals from both orders. We reverse and remand for further proceedings.

In *Bishop v. Colaw,* 450 F.2d 1069 (8th Cir.1971), this court held that "among those rights retained by the people under our constitutional form of government is the freedom to govern one's personal appearance." 450 F.2d at 1075. *Bishop* involved a school board rule which established hair length for male students. The court held that the rule infringed upon students' rights to wear their hair at the length they chose. However, the court noted that the right is not absolute, and must be weighed against the state's interest in the limitation at issue. *Id.*

The Supreme Court addressed hair length regulations in *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), and upheld a regulation applied to police officers. The Court assumed without deciding that there was a liberty interest in personal appearance, but held that the hair length regulation did not violate that right. The Court stated that hair length regulations cannot be viewed in isolation, but rather must be considered in context and stressed the nature of a policeman's job, the need for discipline, the wide scope of the state's police power, and the deference which should be afforded local regulations governing police officers. 425 U.S. at 245–46, 96 S.Ct. at 1444–1445. The Court required the police officer to show "no rational connection" between the regulation and the promotion of public safety. 425 U.S. at 247, 96 S.Ct. at 1445. The Court found that

> similarity in appearance of police officers is desirable. This choice may be based on a desire to make police officers readily recognizable to the members of the public, or a desire for the esprit de corps which such similarity is felt to inculcate within the police force itself. Either one is a sufficiently rational justification for [these] regulations.

*Kelley v. Johnson,* 425 U.S. at 248, 96 S.Ct. at 1446.

*Kelley* and *Bishop* establish that the constitutional right of a state employee to govern his appearance can be limited by the state if the state has a rational, nonarbitrary reason for such a limit. *Kelley v. Johnson,* 425 U.S. at 247, 96 S.Ct. at 1445; *Bishop v. Colaw,* 450 F.2d at 1075.

Lowman is employed by the state as a park naturalist. His duties are primarily educational and developmental: he prepares trails, designs special exhibits and pro-

---

The bulk of the length of hair cannot interfere with proper wearing of uniform hat.

Sideburns are acceptable as long as they are neat and trimmed and tapered with the ends clean shaven in a horizontal line. The sideburns will not extend longer than the lobe of the ear.

Mustaches are acceptable as long as they are trimmed and maintained in a neat man-

ner. Mustaches will not be grown to hang below the corners of the mouth, nor will they be twisted or curled on the ends.

Beards are acceptable as long as they are trimmed and maintained in a neat manner. Beards will be kept trimmed with length not to exceed 1″ at any point.

grams, and conducts tours and hikes. He works closely with other members of the parks management team, which includes the park ranger, the assistant superintendent, and the superintendent. He also has some law enforcement duties. While he cannot issue tickets or make arrests, he is required to warn violators of state regulations or laws, and to seek assistance from a ranger if the violation persists; in that respect he may appropriately be characterized as an "authority figure."

The state has articulated several reasons for its hair regulation. The state believes it makes the members of the park management team, including the naturalist, more readily recognizable to the public. The state also believes that a park official seeking to deter or stop violations of park regulations is more likely to be obeyed if he has short hair than if he has long hair. Finally, the state believes that similarity in hair length promotes esprit de corps among members of the parks management team.

These goals are all legitimate. Our role is not to decide whether the regulation is wise, or the best way to meet these goals. Rather, we only decide if the regulation bears a rational relationship to these goals.

The Court in *Kelley* held that hair regulations for policemen are rationally related to the state's interest in assuring ease of recognition and promoting esprit de corps. *Kelley v. Johnson,* 425 U.S. at 248, 96 S.Ct. at 1446. Because the park naturalist has law enforcement duties, we believe that *Kelley* is controlling. We will not interfere with the approach chosen by the Parks Division to meet legitimate goals, when, as here, that approach cannot be characterized

as wholly arbitrary.[2] For this reason the district court's judgment must be reversed.

The award of attorneys' fees must also be reversed. *Harris v. Pirch,* 677 F.2d 681, 689 (8th Cir.1982). Lowman is no longer a "prevailing party" within the meaning of the Civil Rights Attorneys' Fees Award Act, 42 U.S.C. § 1988.

Lowman's due process claims were not heard or decided by the district court. Therefore, the case must be remanded for further proceedings on those claims.[3]

The judgment of the district court is reversed, and the case remanded for further proceedings.

LAY, Chief Judge, dissenting.

I respectfully dissent. It is well established that the state may regulate the personal appearance of its employees if the state has rational, nonarbitrary reasons for doing so. *Kelley v. Johnson,* 425 U.S. 238, 247, 96 S.Ct. 1440, 1445, 47 L.Ed.2d 708 (1976); *see Bishop v. Colaw,* 450 F.2d 1069, 1075 (8th Cir.1971). However, under the circumstances of this case the hair length regulation bears no rational relation to the state's articulated reasons. The state offers three justifications for its hair length requirement for uniformed park employees: (1) park employees will be more readily identifiable to the public; (2) a park employee with short hair would be more effective at deterring and stopping violations of park regulations than a park employee with long hair; and (3) similarity in hair length promotes esprit de corps among members of the park management team.[1] Hair length regulations do not further any of those goals. Although such goals may be reason-

---

**2.** Nevertheless, we note the expressed hope of the Fifth Circuit that this type of regulation may become unnecessary as "the public, with growing thousands of entirely responsible adult members of the community wearing all sorts of hair and face trims, ... come[s] to its senses and does not see in such variations the seeds of violence and revolution." *Domico v. Rapides Parish School Board,* 675 F.2d 100, 101 (5th Cir.1982).

**3.** Lowman is, by some accounts, an exemplary park naturalist with a good record. We do not

think it inappropriate to suggest that the parties reconsider their positions with an eye towards settling this litigation.

**1.** These articulated reasons purportedly are adopted from the reasoning in *Kelley.* The fundamental difference is that *Kelley* related to police officers whereas the case here concerns a park naturalist; to suggest a parallel similarity between the two occupations, as the state attempts to do, is beyond rational comprehension.

able to achieve, it borders on the ridiculous to say that regulating the length of a park naturalist's hair achieves anything more than furthering an arbitrary rule that serves only to bolster someone's personal prejudice.

First, park employees wear distinctive uniforms. Anyone wearing such a uniform is readily identifiable as a park employee. The fact that a naturalist has a different hairstyle would not cause a member of the public to doubt that that individual was in fact a park employee. A hair length rule cannot change facial or body differences; a park naturalist who is bald will not appear the same as a park naturalist with long hair. Although uniformity of appearance may make park employees readily identifiable, uniform appearance is not achieved by this regulation. Both a crewcut and a pink-dyed afro would be acceptable haircuts.

Second, the state has no basis in fact for inferring that long-haired people are less qualified or lack the necessary appearance of authority to deter park violations. The undisputed evidence is that no one has received complaints about Lowman's long hair and that his hair length has not interfered with the performance of his job. I find it ludicrous to believe that a potential law violator would be more or less deterred according to the length of a park naturalist's hair. Additionally, I think it an insincere argument to say that a park naturalist's duties relate to law enforcement; the naturalist's primary responsibilities are to educate park visitors and to develop programs and exhibits.[2]

The third argument, borrowed from *Kelley,* is that similarity in hair length promotes esprit de corps among members of the park management team. No doubt this is a legitimate state goal, and in *Kelley,* it

was deemed a sufficient reason for the hair length regulation. 425 U.S. at 248, 96 S.Ct. at 1446. However, in *Kelley,* the esprit de corps rationale was justified by the necessity of having a disciplined police force. *Id.* at 246, 96 S.Ct. at 1445. That is not the situation here. The park management team has a far different purpose than a police force. A police force is the type of organization that "must demand a high level of discipline and duty of [its] members in order to function effectively for the good of all members of society." *Vorbeck v. Schnicker,* 660 F.2d 1260, 1263 (8th Cir. 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982). The "purpose" of the park management team, as one of the exhibits for the state explains, is to "manage, protect, interpret, and maintain" parksland. Even park rangers are trained primarily as managers, not as law enforcement officers. The emphasis is on education and assistance, not on punishment of violators or presenting an authoritative image. As the trial court noted, it is the "tradition" of naturalists to be "unconventional," unlike police officers who are traditionally highly disciplined. Thus, members of the park management team do not need to be disciplined to perform their jobs effectively, as much as they need to be "amiable" and "courteous." A hair length regulation might further the goal of a disciplined police force, but it does not serve a similar role for naturalists.[3] In fact, Lowman's supervisor testified that the hair length requirement was likely to hurt morale, rather than promote esprit de corps.

I fail to see how any of the state's articulated objectives are rationally furthered by the enforcement of this regulation. Hair length regulations must be viewed in the context of the affected employee's job.

---

2. The official job description of a naturalist provides:

> The NATURALIST II works under direction. *Prepares* trails and *conducts* tours and hikes for visitors to state parks; *designs* and *constructs* interpretive programs and exhibits; *develops, expands,* and *maintains* inventory of available resources; may *assist* and *participate* in park planning; may *supervise* duties

of other naturalists and related activities; *performs* other duties as assigned.

There are no law enforcement duties mentioned.

3. *Cf. Miller v. Ackerman,* 488 F.2d 920, 922 (8th Cir.1973) (per curiam) (Marine Corps Reserve Unit could not prohibit the wearing of short-hair wigs based on the belief the prohibition was good for the "spirit of the Corps").

*Kelley,* 425 U.S. at 247, 96 S.Ct. at 1445. This regulation is nothing more than an unconstitutional infringement on a park naturalist's liberty. *Kelley* does not require that all hair length regulations governing uniformed government employees must be upheld. The duties of a park naturalist are significantly different from those of a police officer. I submit that difference requires a different result.

I would affirm the judgment of the district court.