467 So.2d 870 (1985)
Leroy HUMPHRIES, Sr., et al., Plaintiffs-Appellants,
v.
LINCOLN PARISH SCHOOL BOARD, Defendants-Appellees.
No. 16884-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
*871 Henderson & Mullins by Edward L. Henderson and J. Keith Mullins, Grambling, for plaintiffs-appellants.
T.J. Adkins, Dist. Atty., Ruston, for defendants-appellees.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
JASPER E. JONES, Judge.
This is an action for injunctive and declaratory relief and damages based upon the removal of plaintiffs' sons from the Ruston High School football team due to their failure to comply with the coaching staff's facial hair grooming rule. At the conclusion of the plaintiffs' evidence the defendants moved for dismissal under LSA-C.C.P. art. 1672 B. The trial judge granted that motion and signed a judgment accordingly. The plaintiffs appeal. We affirm.

The Facts
The plaintiffs are Leroy Humphries, Sr., who sues on behalf of his minor son, Leroy Humphries, Jr., and Maude Dimmer, who sues on behalf of her minor son Darnell Huey.[1] The defendants are the Lincoln Parish School Board, Ruston High School ("RHS"), RHS athletic director Robert Smith, RHS head football coach Jimmy "Chic" Childress, and RHS freshman football coach Tom Hayes.
Mr. Childress, as head football coach, establishes rules governing participation in the RHS football program. One of the rules established by Mr. Childress was a requirement that all RHS football players be clean shaven, without a beard or moustache, during the times when the team was active, namely during the fall season and spring practice. During the 1984 spring practice, Leroy Humphries, Jr. and Darnell Huey were removed from the football team for their refusal to remove their moustaches.
The plaintiffs responded by bringing this action contending that the rule is invalid in that it denies their rights to due process and equal protection and that the rule was not uniformly applied. In excellent reasons given by the trial judge at the time he granted defendants' motion to dismiss, the trial judge found the rule to be valid and uniformly applied. This appeal followed.[2]

Assignments of Error
The appellants set out four assignments of error. They contend that the district court erred in:
1. Dismissing their action with prejudice at their costs;
2. Finding the grooming rule did not violate their right to equal protection;
3. Finding the grooming rule did not violate their right to due process; and
4. Finding that the grooming rule was uniformly applied.

Assignment #4
Through this assignment appellants attack the trial judge's factual finding that the grooming rule was uniformly applied. In reviewing this assignment, we are guided by the principle that the trier of fact's findings will be disturbed on appeal only if clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*872 Our review of the record shows that the trial judge's finding that the grooming rule was uniformly applied is very well supported by the evidence. Mr. Childress testified that the rule was enforced uniformly. There was similar testimony from three members of the football team and from Darnell Huey, one of the youngsters who had been removed from the team.
This record presents no basis for us to disturb the trial judge's factual finding. This assignment of error is without merit.

Assignments #2 & #3
Through these assignments, appellants contend that the rule is constitutionally infirm. This contention is not well founded.
There is no constitutionally protected right for a public high school student to wear his hair in the length and style which suits him. Karr v. Schmidt, 460 F.2d 609 (5th Cir.1972), cert. denied, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256.
School authorities have the power to regulate high school students' hairstyles and such regulations are valid if reasonably intended to accomplish a constitutionally permissible objective. Davis v. Firment, 269 F.Supp. 524 (E.D.La.1967), affirmed, 408 F.2d 1085 (5th Cir.1969); Karr v. Schmidt, supra. Cf. Domico v. Rapides Parish School Board, 675 F.2d 100 (5th Cir.1982) (school employees' hairstyles could be regulated) and Matter of Geiger, 337 So.2d 549 (La.App. 2d Cir.1976) (fire department could regulate employees' hairstyles).
The testimony of Mr. Childress indicates that the grooming rule in dispute is a part of a "total discipline program" intended to promote both academic and athletic excellence by the RHS football team members. The evidence also shows that there has been noteworthy progress in both academic and athletic areas by the members of the football team under Coach Childress.
The objectives of improving academic and athletic performance are certainly constitutionally permissible. The success of the "total discipline program", which includes the grooming rule in question, satisfies us that the rule is reasonably intended to accomplish those goals.
These assignments of error are without merit.

Assignment # 1
Through this assignment of error, appellants contend that the trial judge erred in dismissing their action with prejudice at their costs.
For the specific reasons expressed hereinabove, we find that the judgment dismissing this action with prejudice was appropriate. We also find no error in the trial judge's decision to cast the plaintiffs for costs. Costs are to be taxed by the court "as it may consider equitable". LSA-C.C.P. art. 1920. There is no inequity in taxing costs against unsuccessful plaintiffs where, as here, they have brought an ill-founded action.
This assignment of error is meritless.

Conclusion
The judgment of the district court is affirmed and all costs are taxed against appellants.
NOTES
[1] At the time the action was filed, there was a third plaintiff, Claudia Ryan, on behalf of her minor child, George Ryan. However, she had moved to another state prior to trial and by stipulation of counsel, this action, with respect to her, was dismissed very early in trial.
[2] By stipulation of the parties, all issues involved in this matter were taken up together in the trial of the rule for a preliminary injunction.