Dear Mr. Roberts:
I am in receipt of your opinion request on behalf of the Lafayette Parish School Board concerning the Lafayette Parish School Board's Dress Code Regulations. You have indicated that the Board's present Student Dress Code Regulations provide that each individual school may develop its own dress code. You also indicate that in the absence of a specific school policy to the contrary, general guidelines pertaining to all schools are applicable. Specifically, you ask the following questions:
 1) Does the Lafayette Parish School Board and/or an individual school have the constitutional right to regulate the length of hair for male or female students?
 2) Does the Lafayette Parish School Board and/or an individual school have the constitutional right to regulate the type of jewelry and/or earrings worn by male students?
As discussed in Barber v. Supreme Ct. of Texas 901 S.W.2d 447, the Fifth Circuit Court of Appeal has a bright line rule for federal district courts in Texas, Louisiana, and Mississippi to apply in high school grooming code cases. In Karr v. Schmidt,460 F.2d 609 (5th Cir 1972), the Fifth Circuit concluded that a high school student's "`asserted right to be free of school regulations governing the length of hair is one that is not cognizable in federal courts'." In Lansdale v. Tyler JuniorCollege, 470 F.2d 659 the Fifth Circuit disapproved the enforcement of a junior college's grooming code and stated that the "`place where the line of permissible hairstyle regulation is drawn is between the high school door and the college gate'." The court concluded that at the college level, a school's asserted educational and disciplinary needs do not justify grooming codes absent exceptional circumstances. In Barber, supra, the Fifth Circuit stated that although minors have constitutional rights, they do not have the same constitutional rights as adults. The Second Circuit court concluded that it has recognized three reasons justifying the conclusion that the constitutional rights of children cannot be equated with those of adults: the peculiar vulnerability of children; their inability to make critical decisions in an informed, mature manner, and the importance of the parental role in child rearing.
In Humphries v. Lincoln Parish School Board, 467 So.2d 870 (La App. 2nd Cir 1985), the Second Circuit Court of Appeal in Louisiana reviewed a case where the parents of a high school student brought an action seeking an injunction and declaratory relief and damages based upon the removal of their sons from the high school football team due to their failure to comply with the coaching staff's facial hair grooming rule. The Second Circuit cited Karr v. Schmidt, supra, wherein the U.S. Fifth Circuit Court of Appeal concluded that there is no constitutionally protected right for a public high school student to wear his hair in the length and style which suits him. The court also citedDavis v. Firment 269 F. Supp. 524 (E.D. 1967), affirmed,408 F.2d 1085 (5th Cir. 1969) stating school authorities have the power to regulate high school students' hairstyles and such regulations are valid if reasonably intended to accomplish a constitutionally permissible objective. The testimony of the witnesses at trial court supported the finding that improving academic and athletic performance by football team members were constitutionally permissive objectives of the coaching staff's facial hair grooming rule. The trial court found that the evidence presented by the school showed that there had been noteworthy progression in both academic and athletic areas by members of the football team.
LSA-R.S. 17:81 sets forth the powers and duties of parish school boards. It states in pertinent part:
 C. Each city or parish school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
As discussed in Attorney General Opinion No. 92-184:
 Parish school boards are afforded great discretion and the courts will not interfere with the school board's management unless there is a clear showing of an abuse of their statutory authority. Earnest v. Caldwell Parish School Board, 368 So.2d 801 (La.App. 2d Cir. 1969). Further the courts of this state have consistently held that without proof that a parish school board's regulation is arbitrary, capricious or unreasonable, the regulation will be upheld, and the court will not substitute its judgment for that of public officials elected to administer the public school system. Estay v. Lafourche Parish School Board, 230 So.2d 443 (La.App. 1st Cir. 1969); Blanchet v. Vermilion School Board, 220 So.2d 534 (La.App. 3rd Cir. 1969), . . .
In Estay v. Lafourche Parish School Board, supra, the court, considering the validity of school board regulations, held:
 We are of the view that the right to public school attendance is not an unqualified right. Rather it is a right involving concomitant privileges and obligations. Among these is the duty of submitting to reasonable regulations imposed by lawful authority in the interest of the individual student and the welfare of institutions of learning. A student cannot be deemed to possess the constitutional right to breach reasonable, uniformly applied disciplinary regulations of a school authority.
I have spoken with Bridgette Nieland with BESE and she indicated that there are no BESE regulations concerning the length of hair for female or male students. Therefore, the Lafayette Parish School Board has the right to regulate or allow the individual schools to regulate the length of hair for male or female students provided the regulations are intended to accomplish a constitutionally permissible regulation.
In your second question, you ask whether the Lafayette Parish School Board and/or an individual school has the constitutional right to regulate the type of jewelry and/or earrings worn by male students? In Hines v. Caston School Corporation,651 N.E.2d 330 (App.Ct. 1995), the parents of an elementary school boy filed suit on behalf of their son seeking declaratory judgment and injunctive relief against the school policy that forbid wearing of earrings by male students. The Court of Appeal held that the policy was rationally related to the educational function of the school and so did not violate due process. The court also found that the policy was substantially related to the legitimate educational function of the school and so there was no gender discrimination in violation to the student's equal protection rights.
As discussed in question one, LSA-R.S. 17:81 authorizes each city or parish school board to make such rules and regulations for its own government not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education. Bridgette Nieland has indicated that there are no BESE regulations that regulate the type of jewelry and/or earrings worn by male students. Therefore, the Lafayette Parish School Board has the constitutional right to regulate or allow the individual schools to regulate the type of jewelry and/or earrings worn by male students provided the regulations are intended to accomplish a constitutionally permissible regulation.
I hope this opinion sufficiently addresses your concerns. If you have any additional questions concerning this matter please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
97-106.op