**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-50265

GERALD WILLIAM FAIRBANKS,

Plaintiff-Appellant,

versus

BRACKETTVILLE BOARD OF EDUCATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(DR-97-CV-58)

May 30, 2000

Before KING, Chief Judge, REAVLEY, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Gerald William Fairbanks appeals the grant of summary judgment in favor of the Brackettville

Board of Education in this Free Exercise suit, challenging a school board's grooming policy which

prohibits male students and employees alike from wearing long hair. For the following reasons, we

affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FACTUAL SUMMARY AND PROCEEDINGS BELOW

Appellant Gerald William Fairbanks ("Fairbanks") is a registered nurse who applied for the position of school nurse with the Brackettville Board of Education ("the Board" or "BBOE") in July of 1991. Fairbanks met all the qualifications for the position save one: the BBOE maintains a grooming policy for male students and employees which restricts hair length. Fairbanks, a Native American descendant from the Chippewa Tribe, wears his hair past shoulder length. He informed the school board that he was unwilling to conform with the grooming policy because his hair length was an expression of his religious and cultural heritage. The Board declined to hire Fairbanks. It is undisputed that the sole reason Fairbanks was not hired was because of the length of his hair.

Fairbanks originally filed suit in Texas state court in 1991. Amending his petition for the third time, he alleged state law claims arising under the Texas Constitution and added a 42 U.S.C. § 1983 claim, that his First Amendment rights to religious freedom and freedom of expression had been violated. Based on the federal claims, the Board removed the case to federal court, and sought summary judgment on Fairbanks' state law claims as well as his federal claims. The parties consented to trial before a United States Magistrate Judge. The magistrate judge granted summary judgment in favor of the Board. It is from that judgment that Fairbanks now appeals.

DISCUSSION

We review a grant of summary judgment de novo, and apply the same criteria as employed by the district court. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The facts and any inferences to be drawn are viewed in the light most favorable to the non-movant. *Id.* "Summary Judgment is properly granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

2

material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.;* Fed.R.Civ.P.56(c).

On appeal, Fairbanks argues that the magistrate judge erred by applying the "neutral and general application" standard set forth by the Supreme Court in *Employment Division, Department of Human Resources of Oregon,* et al. v. *Smith* et al., 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990), instead of the more stringent strict scrutiny standard. Fairbanks contends that *Smith* is inapplicable because it was restricted to criminal prohibitions. He also asserts that the Board's grooming policy was not neutral and generally applied.

The Free Exercise clause of the First Amendment, applied to the states by incorporation into the Due Process clause of the Fourteenth Amendment, declares "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. CONST. AMEND. I. "The Government may not compel affirmation of religious beliefs, punish the expression of religious doctrine it believes to be false, or lend its power to one or the other side in controversies over religious authority or dogma." *Employment Division v. Smith*, 494 U.S. 872, 877, 110 S.Ct. 1595, 1599, 108 L.Ed.2d 876(1990)(internal citations omitted.)

In *Smith*, the Supreme Court rejected a free exercise challenge by Native Americans to a state law criminalizing peyote use. The Court rejected the argument that "when otherwise prohibitable conduct is accompanied by religious convictions, not only the convictions but the conduct itself must be free from government regulation." The Court declared that it had "never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the state is free to regulate." *Employment Division v. Smith*, 494 U.S. at 878-879, 882. The court applied the rational basis test, and concluded that a neutral law of general applicability need not be justified

3

by a compelling governmental interest, even if the law incidentally burdens a particular religious practice. *Id.* 879, 881-882. In reaching that conclusion, the Court noted that "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Id*. at 879 (quoting *United States v. Lee*, 455 U.S. 252, 263 n. 3, 102 S.Ct. 1051, 1058 n.3, 1059, 71 L.Ed. 2d 127 (1982) (Stevens, J. concurring)). Therefore, so long as the Board maintains a neutral and generally applicable grooming policy there is no constitutional violation of the plaintiff's First Amendment freedoms.

Fairbanks nonetheless argues that *Smith* is inapplicable to this action because that case involved a criminal prohibition, whereas the present case involves a school policy. However, *Smith* is devoid of any language that limits its holding to laws or regulations that proscribe only criminal conduct. "In addressing the constitutional protection for free exercise of religion, our cases establish the general proposition that a law that is neutral and of general applicability need not be justified by compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 531, 113 S.Ct. 2217, 2225, 124 L.Ed. 2d 472 (1993)(citing *Employment Division v. Smith,* 494 U.S. at 872.) The Supreme Court's recent application of *Smith,* in a case involving a municipal ordinance, compels the same conclusion, "*Smith* held that neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling governmental interest." *City of Boerne v. Flores,* 521 U.S. 507, 514, 117 S.Ct. 2157, 2161,138 L.Ed. 2d 624 (1997)(holding the Religious Restoration Freedom Act "RRFA" unconstitutional.) Finally, our circuit as well as our sister circuits have not restricted the holding in *Smith* to criminal laws. *See*, e.g., *Munn v. Algee*, 924 F.2d 568, 574 (5th Cir. 1991)(holding

4

mitigation of damages doctrine to be a neutral principle of general applicability that did not violate the free exercise clause); *see also Salvation Army v. Department of Community Affairs*, 919 F.2d 183, 194-200 (3d Cir.1990); *Vandiver v. Hardin County Bd. of Educ.,* 925 F.2d 927, 932 (6th Cir. 1991*); Miller v. Reed*, 176 F.3d 1202, 1207 (9th Cir. 1999). Thus, we find no error in the lower court's application of *Smith,* in so far as that case was not limited to criminal prohibitions. [2]

Fairbanks next contends that the Board's grooming policy is not generally applicable because women are excluded from its provisions. Essentially he argues that women, are allowed to wear their hair long while men are not. In making this argument, Fairbanks attempts to make a gender classification based on hair length which is unjustified. He does not develop his claim nor does he indicate whether this is a facial or "as applied" challenge. In any event, a careful review of the record reveals that the Board maintains a generic written grooming policy which requires all employees, regardless of gender or religion, to be neat and well groomed.[3] The policy further provides for interpretation and enforcement by the Board's superintendent. Thus, our inquiry is whether the Board's superintendent, Bob McCall, applies the grooming policy in a generally applicable manner. In his deposition, superintendent McCall stated that pursuant to the grooming policy, male students and employees were precluded from wearing beards and their hair below the collar. The undisputed

---

[2] Fairbanks also contends that his claim should be exempt from application of the rational basis standard, because he asserts a hybrid-rights claim, of both free exercise and free speech, in the form of symbolic cultural expression. In *Smith*, the Court distinguished the strict scrutiny imposed in "hybrid situation[s]" in which a law "involve[s] not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protections." *Employment Division v. Smith*, 494 U.S. at 881-82. This argument however, was not advanced by Fairbanks below, and "[e]xcept in rare circumstances, we must dismiss legal theories raised for the first time on appeal." *Tichenor v. Roman Catholic Church*, et al. 32 F.3d 953, 963 (5th Cir. 1994).

[3] The policy specifically provides: "The dress and grooming of District employees shall be clean, neat, in a manner appropriate for their assignments, and in accordance with any additional standards established by their supervisors and approved by the Superintendent."

evidence is that the superintendent has consistently applied the grooming policy to male students and employees in the same way. Accordingly, nothing in the policy has been interpreted by the superintendent to relieve women from the same standard of being well groomed.

According to the affidavit and deposition of superintendent McCall, the employee grooming policy serves as an important method to teach students by example. "Students learn the attributes of hygiene, discipline, and respect for authority in a favorable environment." We have previously held these attributes to provide a rational basis for such a grooming policy. *See Domico v. Rapides Parish Sch. Bd*., 675 F.2d 100, 102 (5th Cir. 1982)(concluding that hairstyle regulation applicable to school system employees–particularly bus drivers–furthered the school's "undeniable interest in teaching hygiene, instilling discipline, asserting authority, and compelling uniformity.") "In short, the school system's educational and disciplinary needs provide a rational basis for a rule limiting its employees' liberty in hairstyle choice." *Id*. at 102.

As the district maintains a neutral and generally applicable grooming policy there is, under these circumstances, no constitutional violation of the plaintiff's First Amendment freedoms.

AFFIRMED.