**Rhonda LAWRENCE, Individually and as Representative of the Estate of Todd Lawrence, Deceased, Appellant,**

v.

**TD INDUSTRIES, Individually and d/b/a Tempo Mechanical, Appellee.**

**No. 05–86–00638–CV.**

Court of Appeals of Texas, Dallas.

May 6, 1987.

Rehearing Denied June 15, 1987.

Darrell Panethiere, Randall Moore, Dallas, for appellant.

E. Thomas Bishop, P. Michael Jung, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Rhonda Lawrence appeals from a take-nothing summary judgment in favor of TD Industries. Lawrence sued TD Industries, alleging that its gross negligence caused the death of her husband, a TD Industries employee. Todd Lawrence died when an excavation in which he was working collapsed. In her first point of error, Lawrence contends that the summary judgment proof is insufficient to establish conclusively the nonexistence of facts material to any element of her cause of action. Finding this point of error meritorious, we reverse, and need not reach Lawrence's other points of error.

According to the summary judgment affidavits, on March 20, 1985 a hole was partially dug at the work site. Before leaving for the evening, the workmen placed barricades around the hole to prevent injury to individuals and passing motorists. Due to inclement weather, the workmen were unable to perform work at the site until March 25, 1985, when they again began to excavate with a backhoe. "The hole was carefully and cautiously excavated," according to the affidavit of Donald Barnes, a worker at the site. After the hole was dug, Danny Parham, foreman, entered the hole to do some work. After he left, Todd Lawrence and Barnes got in the hole to spread some sand on the bottom. According to the summary judgment affidavits, the hole was unshored because numerous utility lines in the area made it "impractical if not impossible to put any sort of braces in the hole." There was no ladder in the hole. While standing in the hole, waiting for more sand to be lowered to them for spreading, Barnes and Todd Lawrence threw dirt clods against one of the walls of the hole. Barnes stated, "suddenly, the hole caved in. The cave-in occurred instantaneously. There was no time to do anything. In a flash, I was covered with dirt. It would have been absolutely useless to have had a ladder in the hole, as there was insufficient time to do anything, much less climb a ladder. The cave-in occurred so suddenly and so unexpectedly that nothing could have been done to have prevented it." Todd Lawrence died in the cave-in.

■ A defendant who moves for summary judgment of non-liability, like TD Industries, has the burden of showing as a matter of law that plaintiff has no right to recover. See Griffin v. Rowden, 654 S.W.2d 435, 436 (Tex.1983); Citizens First National Bank of Tyler v. Cinco Exploration Co., 540 S.W.2d 292, 294 (Tex.1976). A defendant may meet this burden by showing, through competent summary judgment proof, that the cause of action is barred by some legal barrier or that at least one of the elements of plaintiff's cause of action has been established conclusively against plaintiff. See Sakowitz, Inc. v. Steck, 669 S.W.2d 105, 107 (Tex.1984); Otis Engineering Corp. v. Clark, 668 S.W.2d 307, 311 (Tex.1983).

TD Industries sought to show that one element of Lawrence's cause of action had been established conclusively against her. That element, gross negligence, is defined as "that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Burk Royalty Co. v. Walls, 616 S.W.2d 911, 920 (Tex.1981).

TD Industries' summary judgment proof consisted of affidavits of three employees. As employees of TD Industries, the affiants were "interested witnesses," see Hunsucker v. Omega Industries, 659 S.W.2d 692, 697 (Tex.App.—Dallas 1983, no writ), and their testimony may support a summary judgment only when "the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R.Civ.P. 166-A(c); Futerfas v. Park Towers, 707 S.W.2d 149, 157 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). In the present case, we must decide if TD

Industries' testimonial evidence could have been readily controverted.

 The *mental attitude* of the defendant lifts ordinary negligence into gross negligence. *Burk Royalty*, 616 S.W.2d at 922. A plaintiff may prove a defendant's gross negligence by proving that the defendant had actual subjective knowledge that his conduct created an extreme degree of risk. *Williams v. Steves Industries*, 699 S.W.2d 570, 573 (Tex.1985). To disprove this subjective intent, Bob Ferguson, President of Tempo Mechanical, a division of TD Industries, swore in his affidavit, "TD Industries, Inc. and Tempo Mechanical were not consciously indifferent to the rights, welfare and safety of Todd Lawrence." Danny Parham, foreman, stated, "I was not consciously indifferent to the rights, welfare, and safety of Todd Lawrence.... TD Industries, Inc. and Tempo Mechanical were not consciously indifferent to the rights, welfare, and safety of Todd Lawrence."

These statements that the defendant did not possess a certain state of mind are not readily controvertible statements and, thus, do not satisfy the requirements of Rule 166-A. Issues of intent, knowledge and state of mind are not susceptible to being readily controverted and are best left to the determination of the trier of fact. *See Beaumont Enterprise and Journal v. Smith*, 687 S.W.2d 729, 730 (Tex.1985) (absence of malice in libel case); *Futerfas*, 707 S.W.2d at 157 (knowledge and intent in civil conspiracy); *Goodman v. Gallerano*, 695 S.W.2d 286, 287–88 (Tex. App.—Dallas 1985, no writ) (absence of malice in libel case); *American Petrofina Co. of Texas v. Crump Business Forms, Inc.*, 597 S.W.2d 467, 471 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (agreement and intent in civil conspiracy). *See also* 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 17.26.12 (rev. 1984).

TD Industries argues that it may prove its lack of intent objectively even if its summary judgment proof fails to prove lack of actual subjective knowledge. The test for gross negligence is both an objective and subjective test. *Williams*, 669 S.W.2d at 573. Gross negligence is proved either by showing actual subjective intent or by proving that "under the surrounding circumstances a *reasonable person* would have realized that his conduct created an extreme degree of risk to the safety of others." *Id.* (Emphasis added.). An issue such as reasonableness, however, is inherently an issue for a jury. Whether this issue is precluded as a matter of law depends upon all facts and circumstances in each case. "Because of variations of the circumstances which may be shown at a trial on the merits, summary judgment is rarely justified in such cases." *Hunsucker v. Omega Industries*, 659 S.W.2d 692, 698 (Tex.App.—Dallas 1983, no writ). *See also Smith v. Muckleroy Enterprises*, 537 S.W.2d 104, 106 (Tex.Civ.App.—Tyler 1976, no writ); *Sullivan v. Sisters of St. Francis of Texas*, 374 S.W.2d 294, 297 (Tex.Civ.App.—San Antonio 1963, no writ); *Fuller v. Southwestern Greyhound Lines*, 331 S.W.2d 455, 459 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.).

We hold that TD Industries has failed to sustain its burden of showing that there is no genuine issue of material fact and that it is, therefore, not entitled to judgment as a matter of law. The case is reversed and remanded to the trial court for further proceedings.