September M. TOUNGATE, Individually and as Next Friend of Zachariah Toungate, a Minor, Appellant,

v.

BASTROP INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 3–91–533–CV.

Court of Appeals of Texas, Austin.

Nov. 25, 1992.

---

Charles Beall, Paul E. Knisely, Spivey, Grigg, Kelly & Knisely, Austin, for appellant.

Eric W. Schulze, Paul W. Hunn, Chris G. Elizalde, Walsh, Judge, Anderson, Underwood & Schulze, P.C., Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

This appeal arises from a challenge to the validity of a public elementary school's hair-length rule. September M. Toungate, individually and as next friend of her son Zachariah Toungate, sued the Board of Trustees of the Bastrop Independent School District, alleging that the rule was illegal and unconstitutional. Tex. Const. art. I, § 3a; Tex.Civ.Prac. & Rem.Code Ann. § 106.001 (West 1986 & Supp.1992). Toungate also alleged that both she and her son suffered mental anguish as a result of the District's intentional infliction of emotional distress. Toungate sought a permanent injunction, declaratory judgment, actual and exemplary damages, and attorney's fees. The trial court rendered summary judgment against Toungate on all causes of action.

Toungate brings ten points of error on appeal, which concern (1) the constitutionality of the hair-length rule under the Texas Equal Rights Amendment (ERA), Tex. Const. art. I, § 3a; (2) the legality of the rule under Tex.Civ.Prac. & Rem.Code Ann. § 106.001 (West 1986 & Supp.1992); and (3) Toungate's claims for actual and exemplary damages. Because we conclude that summary judgment is inappropriate for deciding the constitutional and statutory causes, we will reverse and remand as to them. We conclude that governmental immunity conclusively bars Toungate's claims for actual and exemplary damages and will affirm the summary judgment as to her damage claims.

The District, as movant for summary judgment, had to disprove, as a matter of law, one of the essential elements of each of Toungate's causes of action. *Citizens First Nat'l Bank v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). In reviewing a summary judgment, we take as true all evidence favoring the nonmovant, indulging every inference and resolving every doubt in her favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The summary-judgment evidence shows that during the 1990–1991 school year, the

elementary schools of the district had in effect a grooming rule that limited the length of boys' hair in the back to the bottom of a regular shirt collar. Zachariah Toungate, a third-grade student in the school district, violated the rule by wearing a thin ponytail five or six inches below his collar. Because he failed to comply with the rule, Zachariah was removed from his class and educated in an alternative educational setting. The type of alternative education chosen, in-school suspension, involved a substitute teacher's instructing Zachariah by himself in a twelve-by-fifteen foot room. He was taught the same curriculum as the other students, and his teacher monitored his work by meeting with the substitute at least twice a day. The windows of the classroom were covered with paper. Zachariah took lunch and recess apart from the other students, and he did not participate in choir, music, or physical education classes.

■ In points of error one through five, Toungate contends that the District failed to prove conclusively that the hair-length rule does not violate the ERA. The ERA provides: "Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." Tex. Const. art. I, § 3a. The ERA elevates sex to a suspect classification. *In re McClean*, 725 S.W.2d 696, 698 (Tex.1987); *Williams v. City of Fort Worth*, 782 S.W.2d 290, 296 (Tex.App.—Fort Worth 1989, writ denied).

In moving for summary judgment negativing the claim under the ERA, the District advanced three grounds: (1) Texas courts will not interfere with dress codes established by school districts; (2) the constitutional rights of primary-school students are not as broad as those of adults; and (3) the District had a compelling reason for regulating boys' hair length.

■ When a liberty interest is asserted against state regulation, courts determine the constitutionality of the regulation by weighing the factors appropriate to the context in which the liberty is asserted. *E.g., In re McClean*, 725 S.W.2d at 698; *Right To Life Advocates, Inc. v. Aaron Women's Clinic*, 737 S.W.2d 564, 569 (Tex.

App.—Houston [14th Dist.] 1987, writ denied). Texas courts considering claims that school administrators have violated students' constitutional rights have sought a balance: they have tried to preserve the students' constitutional rights, while at the same time they have tried to uphold the decisions of school administrators. *Texarkana Indep. Sch. Dist. v. Lewis*, 470 S.W.2d 727, 734 (Tex.Civ.App.—Texarkana 1971, no writ); *see Wilson v. Abilene Indep. Sch. Dist.*, 190 S.W.2d 406, 411 (Tex. Civ.App.—Eastland 1945, writ ref'd w.o.m.) (appeal from denial of temporary injunction). In this case, the decision as to constitutionality turns on the balance between Zachariah's right to be free from gender discrimination and the educational policies the District seeks to further by the haircut rule, such as teaching grooming and hygiene, instilling discipline, maintaining order, and teaching respect for authority. Based on the evidence presented to the trial court, the court must weigh Zachariah's right to wear his hair without gender discrimination against the District's overall interest in educating its students.

■ The focus in cases concerning the constitutional rights of school students is whether the activity sought to be regulated disrupts or materially interferes with the school's interest in educating its students. *Passel v. Fort Worth Indep. Sch. Dist.*, 453 S.W.2d 888, 892 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.) (*Passel II*). The evidence presented to the trial court must show the effect the activity has on the learning process in the school. *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 64 (Tex.1969), *appeal after remand*, 453 S.W.2d 888 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.) (*Passel I*); *Moseley v. City of Dallas*, 17 S.W.2d 36, 41 (Tex.Comm.App.1929, judgm't adopted). Once the facts showing this effect have been fully developed, the court can determine the legal question of whether the regulation is constitutional. *Passel I*, 440 S.W.2d at 64–65.

■ The present case has not been tried on the merits of the ERA claim. Because the balancing required to assess constitu-

tionality involves weighing evidence, the ERA cause is not ripe for adjudication without a full evidentiary hearing. *Cf. Foreca, S.A. v. GRD Development Co.*, 758 S.W.2d 744, 745–46 (Tex.1988) (parties' intent to form a contract is a question of fact); *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986) (issue of intent is uniquely within the realm of the factfinder); *Lawrence v. TD Indus.*, 730 S.W.2d 843, 845 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (issue of reasonableness is inherently a fact issue); *Sullivan v. Sisters of St. Francis*, 374 S.W.2d 294, 297 (Tex.Civ.App.—San Antonio 1963, no writ) (questions of negligence and proximate cause are usually fact issues). We therefore sustain points one through five that the trial court erred in attempting to resolve the constitutional ERA challenge within the framework of a summary judgment.

In points of error six through nine, Toungate argues that the District failed to prove conclusively that its enforcement of the hair-length rule did not violate chapter 106 of the Civil Practice and Remedies Code. The contested portions of the statute follow:

(a) An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's ... sex ...:

. . . .

(3) refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(4) refuse to permit the person to participate in a program owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

(5) refuse to grant a benefit to the person;

(6) impose an unreasonable burden on the person.

Tex.Civ.Prac. & Rem.Code Ann. § 106.001 (West 1986 & Supp.1992). The District moved for summary judgment on this claim on the ground that it did not commit the acts prohibited by subsections (a)(3)–(6) when it imposed in-school suspension.

In point nine, Toungate specifically argues that the District failed to establish that placing Zachariah in in-school suspension did not violate subsection (a)(6). This subsection prohibits an officer of a political subdivision from imposing an unreasonable burden on a person because of his sex. The District maintains that because in-school suspension is specifically permitted by statute, it does not impose an unreasonable burden. *See* Tex.Educ.Code Ann. § 21.301(g)(1) (West 1987); *see also* 19 Tex.Admin.Code § 133.26(a)(6) (1988).

 That the statute authorizes this form of discipline does not necessarily make it reasonable *in these circumstances.* Reasonableness is inherently an issue for the finder of fact because it depends on the facts and circumstances of each case. *TD Indus.*, 730 S.W.2d at 845; *Hunsucker v. Omega Indus.*, 659 S.W.2d 692, 698 (Tex. App.—Dallas 1983, no writ); *Fuller v. Southwestern Greyhound Lines, Inc.*, 331 S.W.2d 455, 459 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.). The District did not present evidence that the burden of in-school suspension on Zachariah was not excessive, unsuitable, or inappropriate to the end in view. *See Cass v. State*, 124 Tex.Crim. 208, 61 S.W.2d 500, 504 (App. 1933); *Black's Law Dictionary* 1265 (6th ed. 1990). Because the Board failed to prove, as a matter of law, that in-school suspension did not impose an unreasonable burden on Zachariah, we sustain point nine. Based on our disposition of this point, we need not address points six through eight.

In her tenth point of error, Toungate contests the grant of summary judgment on her claims for actual and exemplary damages. In her petition, Toungate sought mental anguish damages for the District's intentional infliction of emotional distress. The District moved for summary judgment on this claim on the grounds that (1) September Toungate had no individual standing to sue, (2) the District is immune from liability for the tort of intentional infliction of emotional distress, and (3) section 106.-002 of the Civil Practice and Remedies

Code does not authorize recovery of actual and exemplary damages. Toungate responded to the District's motion, asserting her individual standing and identifying section 106.002 of the Civil Practice and Remedies Code as the source of her actual and exemplary damages.

Part (b) of point ten states that September Toungate has standing to sue as an individual. Because Toungate fails to present any argument or authority to support this point, however, she has waived it for review. Tex.R.App.P. 74(f); *Rayburn v. Giles*, 182 S.W.2d 9, 13 (Tex.Civ.App.—San Antonio 1944, writ ref'd); *Helle v. Hightower*, 735 S.W.2d 650, 653 (Tex. App.—Austin 1987, writ denied).

In point 10(a), Toungate contends that the District is not immune from liability for damages under section 106.002 of the Civil Practice and Remedies Code. This section provides:

> (a) If a person has violated or there are reasonable grounds to believe a person is about to violate Section 106.001, the person aggrieved by the violation or threatened violation may sue for preventive relief, including a permanent or temporary injunction, a restraining order, or any other order.

Tex.Civ.Prac. & Rem.Code Ann. § 106.002 (West 1986).[1] Toungate asserts that the words "any other order" in section 106.002(a) implicitly permit her to recover mental anguish damages caused by the District's discriminatory acts.

As a government agency, the District is shielded by governmental immunity from liability unless that immunity is waived by the legislature. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976); *Dillard v. Austin Indep. Sch. Dist.*, 806 S.W.2d 589, 594 (Tex.App.—Austin 1991, writ denied). Any legislative waiver of governmental immunity must be clear and unambiguous. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980); *e.g.*, Tex.Civ. Prac. & Rem.Code Ann. §§ 101.021, 103.001 (West 1986).

Toungate herself argues that the legislature's waiver of liability for damages in section 106.002(a) is only implicit. The words "any other order" in section 106.002(a) end a series of remedies introduced by the phrase, "preventive relief, including;" the other remedies are a permanent or temporary injunction and a temporary restraining order. When in a statute general words follow a designation of particular classes of things, the particular designation restricts the meaning of the general words; this is the rule of ejusdem generis. *Hammond v. City of Dallas*, 712 S.W.2d 496 (Tex.1986); *Stanford v. Butler*, 142 Tex. 692, 181 S.W.2d 269, 272 (1944); *Farmers' & Mechanics' Nat'l Bank v. Hanks*, 104 Tex. 320, 137 S.W. 1120, 1123–24 (1911). Thus, the words "any other order" are restricted to the same class of remedies as the introductory phrase, "preventive relief."

"Preventive relief" denotes a remedy designed to prohibit or preclude the wrongdoer from committing an injurious act in the future, while the mental anguish damages Toungate seeks are in the nature of monetary compensation for an injury already sustained. *See Black's Law Dictionary* 390, 1138 (6th ed. 1990); *Klindworth v. O'Connor*, 240 S.W.2d 470, 475 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.). Actual mental anguish damages are thus not in the same class of remedies as preventive relief. We determine that the legislature did not explicitly waive the state's immunity from liability for actual mental anguish damages in section 106.002(a). Following the principle that a recovery of actual damages is required to receive exemplary damages, we decline to interpret section 106.002 as authorizing exemplary damages for mental anguish. *Doubleday & Co. v. Rogers*, 674 S.W.2d 751, 753–54 (Tex.1984). We overrule point 10(a). Because of our disposition of point 10(a), we need not address point 10(c).

We affirm the summary judgment for the District on Toungate's claims for actual

---

1. Texas Civ.Prac. & Rem.Code Ann. § 106.002 (West 1986) waives the District's immunity from suit as well as its immunity from liability for preventive relief.

and exemplary damages; we reverse the summary judgment on Toungate's constitutional and statutory causes of action and remand that portion of the cause for further proceedings concerning injunctive and declaratory relief.