# COLORADO INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

# Austin David BARBER, et al., Appellees.

## No. 11–93–005–CV.

Court of Appeals of Texas,
Eastland.

Nov. 4, 1993.

T.L. Rees, Thompson & Rees, Colorado City, for appellant.

Patrick Barber, Colorado City, James Harrington, Tex. Civ. Rights Project, Austin, for appellees.

OPINION

RALEIGH BROWN, Justice (assigned).

Austin David Barber brought a class action against the Colorado Independent School District. Barber was the named plaintiff of a class consisting of male students who are or will turn 18 years old while attending school in the Colorado Independent School District. Appellees sought an injunction against the enforcement of the school's dress code (which prohibits male students from having long hair or wearing earrings) and a declaratory judgment that such prohibitions violate the laws of Texas when applied to adult male students.[1] The trial court found that these prohibitions violated appellees' rights under TEX. CONST. art. I, § 3a (the Texas Equal Rights Amendment) to be free from discrimination based upon sex; their rights to privacy under the Texas Constitution; their rights to freedom of speech under TEX. CONST. art. I, § 8; and their rights to an education under TEX. CONST. art. VII, § 1. We reverse and render.

---

1. Appellant's dress code provides:
   The District's dress code is established to teach grooming and hygiene, instill discipline, prevent disruption, avoid safety hazards, and teach respect for authority.
   Boys may wear hair to the bottom of the collar, the bottom of the ear and combed out of the eyes. Boys may not wear earrings of any kind. Caps and hats not part of women's formal attire may not be worn in the building. Sudden, unbecoming fashions or anything designed to attract undue attention to the individual or activities are not acceptable.

## Points of Error

Appellant asserts ten points of error on appeal. In the first point, appellant urges that, as a matter of law, appellees' rights under the Equal Rights Amendment were not violated. In the second and third points, appellant contends that compelling reasons for the provisions in the dress code were established as a matter of law and that the trial court's findings to the contrary were against the great weight and preponderance of the evidence. In the next three points of error, appellant contends that the trial court's findings of fact and conclusions of law concerning (Point No. 4) the violation of appellees' right to privacy, (Point No. 5) the violation of appellees' right to freedom of speech, and (Point No. 6) the violation of appellees' right to an education were incorrect as a matter of law and were not supported by sufficient evidence. In the final four points of error, appellant attacks the trial court's award of attorney's fees to counsel for appellees.

## Court Intervention

We hold that the judiciary should not intervene in this matter, sustaining Points of Error Nos. 2, 3, 4, 5, and 6. TEX. CONST. art. VII, § 1 provides that the legislature has a duty "to establish and make suitable provision[s] for the support and maintenance of an efficient system of public free schools." The legislature has provided for a system of public schools in the Texas Education Code. TEX.EDUC.CODE ANN. § 23.26 (Vernon 1987) provides that the trustees of the local school district shall "have the exclusive power to manage and govern the public free schools of the district" and "may adopt such rules, regulations, and by-laws as they may deem proper."

Rules and regulations adopted by various districts have been challenged and upheld in the court system. See, e.g., *Hazelwood School District v. Kuhlmeier*, 484 U.S. 260, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988) (holding that the censorship of school newspapers does not violate the first amendment); *Bethel School District No. 403 v. Fraser*, 478 U.S. 675, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986) (holding that the discipline of vulgar language at school does not violate the students' right to free speech or due process); *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985) (holding that students are not entitled to the full fourth amendment search-and-seizure protections while at school); *Domico v. Rapides Parish School Board*, 675 F.2d 100 (5th Cir.1982) (upholding the application of the students' dress code to teachers, thereby prohibiting the teachers from wearing beards); *Karr v. Schmidt*, 460 F.2d 609 (5th Cir.), *cert. den'd*, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972) (holding that, when a public school's hair-length regulations are challenged, the cause shall be dismissed for failing to state a cause of action for which relief can be granted under the United States Constitution);[2] *Ferrell v. Dallas Independent School District*, 392 F.2d 697 (5th Cir.), *cert. den'd*, 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968) (finding that the school's hair-length regulations did not violate the laws or the constitution of Texas, the fourteenth amendment, or the students' civil rights); *Passel v. Fort Worth Independent School District*, 453 S.W.2d 888 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.), *cert. den'd*, 402 U.S. 968, 91 S.Ct. 1667, 29 L.Ed.2d 133 (1971) (holding that the prohibition of public school students' memberships in fraternities, sororities, and secret societies do not violate the Texas or federal constitution); and *McLean Independent School District v. Andrews*, 333 S.W.2d

**2.** The Court in *Karr* stated:

In view of our holding that there is no substantial [federal] constitutional right to wear hair in the fashion that suits the wearer, the conclusion is inescapable that the district court erred in enjoining enforcement of the Coronado High School hair regulation.

\* \* \* \* \* \*

In conclusion, we emphasize that our decision today evinces not the slightest indifference to the personal rights asserted by Chesley Karr and other young people. Rather, it reflects recognition of the inescapable fact that neither the Constitution nor the federal judiciary it created were conceived to be keepers of the national conscience in every matter great and small. The regulations which impinge on our daily affairs are legion. Many of them are more intrusive and tenuous than the one involved here.

886 (Tex.Civ.App.—Amarillo 1960, no writ) (upholding school regulation that students shall park in a particular parking lot and not move their car until the end of the school day).

In *Mercer v. Board of Trustees, North Forest Independent School District*, 538 S.W.2d 201 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.), when a male student sought to enjoin a public school from enforcing the regulation in its dress code that restricted the length of hair that male students could wear, the court held that the judiciary should not intervene. After applying the strict scrutiny test to the student's claim under the Equal Rights Amendment, the *Mercer* court stated, supra at 206:

> Court intervention is simply not a suitable device with which to enforce some rights. Others beside the judiciary are charged with following the dictates of our constitutions. We must be wise enough to perceive that constant judicial intervention in some institutions does more harm than good. We believe that there are some areas in which our intervention does not offer a practical solution.

Appellees argue that the *Mercer* decision is distinguishable because the male student in *Mercer* was not an adult. We do not read this factual distinction to be the basis of the decision in *Mercer*. Further, we decline to find that the difference in the procedural posture warrants a different holding because, if the trial court in the instant case had followed *Mercer*, there would be no findings of fact in appellees' favor.[3] We follow the *Mercer* decision, and we note that the Supreme Court of Texas has cited *Mercer* with

approval. See *Eanes Independent School District v. Logue*, 712 S.W.2d 741 (Tex.1986). Points of Error Nos. 2, 3, 4, 5, and 6 are sustained; consequently, we need not address appellant's other points of error.[4]

The judgment of the trial court is reversed, and we render judgment that appellees take nothing.

McCLOUD, C.J., not participating.

---

**3.** See and compare *Toungate v. Bastrop Independent School District*, 842 S.W.2d 823 (Tex.App.—Austin 1992, no writ). Toungate was a third-grade male student who, because he had a ponytail several inches long, was sent to in-school suspension where he was taught in a small, enclosed room by himself and was not allowed to participate in any activities with the other students. He sued the school seeking, among other things, an injunction and a declaratory judgment concerning the school's regulation that limited the length of boys' hair. In *Toungate*, the court of appeals reversed the summary judgment in favor of the school and remanded the constitutional and statutory causes of action for further proceedings. The court in *Toungate* did not address the *Mercer* opinion.

**4.** We note that appellees' only request for attorney's fees (before the judgment and the findings of fact were entered) was under TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986) (Declaratory Judgment Act). The government has not waived sovereign immunity under that section. The findings of fact and conclusions of law granting attorney's fees under TEX.CIV. PRAC. & REM.CODE ANN. § 106.001 (Vernon 1986 & Supp.1993) are not supported by the pleadings or by the evidence. See TEX.R.CIV.P. 301.