Mary C. LONON, Appellant,

v.

FIESTA MART, INC., Appellee.

No. 14-98-00338-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1999.

24. Tex.R.App P. 45.

James Foster Andrew, Houston, for appellant.

Mark R. Ramsey, Houston, for appellee.

YATES, FOWLER and LEE, Justices.[1]

**OPINION**

YATES, Justice.

Appellant, Mary C. Lonon, appeals the grant of summary judgment in favor of appellee, Fiesta Mart, Inc. ("Fiesta"). On July 25, 1992, Lonon authorized her son to present a check for twenty dollars to Fiesta, for the purchase of groceries. The check was returned due to insufficient funds. In August 1992, Fiesta attempted to contact Lonon via certified mail to notify her of the returned check; however, the letter was unclaimed and subsequently returned to Fiesta. On October 23, 1992, Fiesta filed an affidavit for probable cause with a justice of the peace court. Around this same time, Lonon received her quarterly bank statements and discovered that her check had been dishonored. On November 3, 1992, Lonon made restitution to Fiesta for the returned check. On March 18, 1995, Lonon was arrested for issuing a bad check to Fiesta; this charge was later dismissed. Subsequently, on January 16, 1996, Lonon brought a malicious prosecution action against Fiesta. Fiesta moved for summary judgment on the basis that it had probable cause to initiate criminal proceedings against Lonon. Summary judgment was granted in favor of Fiesta on February 17, 1998.

In two points of error, Lonon contends that the trial court erred in granting summary judgment because a genuine issue of fact existed with regards to probable cause and malice. We affirm the trial court's judgment.

1. Senior Justice Norman Lee sitting by assignment.

460

## STANDARD OF REVIEW

■ The standard for reviewing a grant of summary judgment is well-established. The movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to summary judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true and every reasonable inference will be indulged in his favor. *See id.* To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997).

■ In the present case, the trial court granted Fiesta's motion without stating the grounds for its ruling. When reviewing a summary judgment granted on general grounds, the appellate court considers whether any theories set forth in the motion will support the summary judgment. *See State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 380 (Tex.1993). The court will affirm the summary judgment "if any of the grounds asserted in support of the motion are meritorious." *Id.*

## MALICIOUS PROSECUTION

■ In her first point of error, Lonon contends the trial court erred in granting summary judgment on her malicious prosecution claim because a genuine issue of material fact existed with regards to probable cause. Specifically, Lonon argues that Fiesta lacked the probable cause to initiate criminal proceedings against her for issuing a bad check because she did not have the requisite intent to commit the crime.

■ A plaintiff in a malicious criminal prosecution claim must establish (1) the commencement of a criminal prosecution; (2) causation, initiation or procurement, of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997); *Coniglio v. Snyder*, 756 S.W.2d 743, 744 (Tex.App.—Corpus Christi 1988, writ denied).

■ Probable cause is defined as "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime for which he was prosecuted." *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex.1983). The probable-cause determination asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. *See id.* at 920–21.

■ Whether probable cause is a question of law or a mixed question of law and fact depends on whether the parties dispute the underlying facts. When the facts underlying the defendant's decision to prosecute are disputed, the trier of fact must weigh evidence and resolve conflicts to determine if probable cause exists as a mixed question of law and fact. *See Akin*, 661 S.W.2d at 920. It has long been true, however, that "[w]hen the facts are not contested, and there is no conflict in the evidence directed to that issue, the question of probable cause is a question of law which is to be decided by the court." *Ramsey v. Arrott*, 64 Tex. 320, 323 (1885). Probable cause in this case, in which the facts and events leading up to Fiesta's filing of the affidavit are undisputed, is therefore a question of law for the court and not the trier of fact.

■ Because lack of probable cause in this case is a question of law, the issue for the court is whether the undisputed facts underlying the decision to prosecute support a reasonable belief that Lonon was guilty of the offense of issuance of a bad check. Lonon contends that Fiesta lacked probable cause to initiate criminal proceedings against her. Lonon argues that the statements Fiesta made in the probable cause affidavit were erroneous and reflect an utter lack of personal knowledge. However, the Supreme Court has concluded that failing to fully and fairly disclose all material information and knowingly providing false information to the prosecutor are relevant to the malice and causation elements of a malicious prosecution claim, but have no bearing on the issue of probable cause. *See Richey*, 952 S.W.2d at 519. The extent of the disclosure to the prosecutor is not probative of lack of probable cause, but rather indicates whether the complainant may have acted with malice or may have, by knowingly providing false information, caused the prosecution. *See id.* Accordingly, whether Fiesta's employee knowingly provided false information in the probable cause affidavit is immaterial to the probable cause inquiry currently before us.

Lonon further asserts that Fiesta could not have had a reasonable belief that the elements of the offense of issuance of a bad check had been completed because Lonon did not have notice of the dishonored check and could not, therefore, have knowingly issued a bad check. Section 32.41 of the Penal Code provides that a person commits an offense if he issues a check knowing that the issuer does not have sufficient funds. *See* TEX. PEN.CODE ANN. § 32.41(a) (Vernon 1994). The issuer's knowledge is presumed if payment was refused by the bank for insufficient funds and the issuer failed to pay the holder in full within 10 days after receiving notice of that refusal. *See id.* § 32.41(b)(2). Notice for purposes of subsection (b)(2) may be in writing and sent by certified mail with return receipt re-

quested to the issuer at his address shown on the check. *See id.* § 32.41(c)(1). If notice is given in accordance with the statute, it is presumed that notice is received no later than five days after it was sent. *See id.* § 32.41(d).

The Supreme Court has determined that in a malicious prosecution case based on a criminal complaint, the complainant's failure to further investigate the suspect's state of mind does not constitute lack of probable cause if all objective elements of a crime reasonably appear to have been completed. *See Richey*, 952 S.W.2d at 518 (citing *Thomas v. Cisneros*, 596 S.W.2d 313, 317–18 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Carswell v. Southwestern Bell Tel. Co.*, 449 S.W.2d 805, 817 (Tex.Civ. App.—Houston [1st Dist.] 1969, no writ)). In this case, all the objective elements of the offense of issuance of a bad check reasonably appear to have been completed. Prior to filing its probable cause affidavit, Fiesta conducted an investigation and determined that Lonon presented a check drawn from her account to Fiesta, which was later dishonored for insufficient funds. The record further reflects that restitution was not made until November 3, 1992, after the probable cause affidavit was filed. Based on the objective facts available to Fiesta at the time the affidavit was filed, it was reasonable for Fiesta to believe that Lonon knowingly issued a bad check. Consequently, as a matter of law, we hold that Fiesta had probable cause to initiate criminal proceedings.

### MALICE

■ In her second point of error, Lonon contends that by accepting full restitution and an additional processing fee on the dishonored check, contrary to section 32.41(e) of the Penal Code, Fiesta voluntarily assumed a duty to notify law enforcement authorities that payment had been made. According to Lonon, Fiesta's failure to notify authorities of her restitu-

tion indicates a malicious intent by Fiesta to continue with the prosecution.

Section 32.41(e) provides that a person charged under the statute *may* make restitution; and restitution shall be made through the prosecutor's office if collection and processing were initiated through that office. *See* TEX. PEN.CODE ANN. § 32.41(e) (Vernon 1994). Lonon asserts that this section requires a complainant to either direct the party making restitution to the prosecuting authority or report the restitution to the prosecutor. However, Lonon fails to cite and we have not found any case law interpreting section 32.41(e) as imposing such a duty on a complaining party. In any event, even if we were to assume that Fiesta's failure to report Lonon's payment is some evidence of malice, Lonon's claim fails because Fiesta has already negated the probable cause element of her malicious prosecution action. Consequently, Lonon's argument is without merit and her second point of error is overruled.

The trial court's judgment is affirmed.