TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00396-CV







Randy Washington, Appellant


v.



Kay Scott, Appellee





FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 22,950, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING






 Appellant Randy Washington appeals a district-court judgment granting appellee
Kay Scott's motion for summary judgment. Washington complains that the district court erred in
considering Scott's motion because it was not timely filed. Washington also asserts, presumably
in the alternative, that the district court erred in granting summary judgment because Scott failed
to negate issues of material fact. We will affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Washington was discharged by his employer, the Bastrop Independent School
District, after Scott, who was also employed by the school district, complained to the principal of
her school that Washington behaved inappropriately toward her. As a result of Scott's complaint,
Washington was charged with misdemeanor assault in municipal court. Washington pleaded nolo
contendere, was found guilty, and appealed to the county court at law, which acquitted
Washington following a bench trial.

 Washington, pro se,(1) then filed this suit against Scott in district court alleging that
Scott's actions "in causing the [criminal] complaint to be filed were done maliciously and without
probable cause." On appeal, Washington admits that, other than the above-quoted language, his
"petition is devoid of an articulated cause of action." Scott moved for summary judgment. See
Tex. R. Civ. P. 166a. The district court granted Scott's motion without stating the reasons for
his action.


DISCUSSION

 By his first issue, Washington asserts that the district court erred in considering
Scott's motion because the motion was not timely filed in accordance with the district court's
"Discovery Plan and Scheduling Order." His second issue contends that the district court erred
in granting Scott's motion because Scott failed to negate issues of material fact.


Discovery Plan and Scheduling Order

 In Washington's original petition, he requested a Level 2-Discovery Control Plan. 
See Tex. R. Civ. P. 190.3 (applying to cases seeking monetary relief in excess of $50,000 and not
subject to court-ordered discovery control plan). Washington pleaded an unspecified amount of
damages. Scott specially excepted and requested Level 1-Discovery Control Plan. See Tex. R.
Civ. P. 190.2 (applying to cases seeking monetary damages aggregating $50,000 or less and not
subject to court-ordered discovery control plan). Scott later moved the district court to order a
Level-3 Discovery Control Plan that would establish, among other things, "a dispositive motion
deadline." See Tex. R. Civ. P. 190.4 ("The court must, on a party's motion, and may, on its own
initiative, order that discovery be conducted in accordance with a discovery control plan tailored
to the circumstances of the specific suit."). None of the discovery-control-plan rules requires the
trial court to set a deadline for filing motions.

 Three months after requesting the court to order level-three discovery, Scott filed
a document entitled "Discovery Control Plan and Scheduling Order." Although designated an
"order," the document contains no signature line for the court and was signed only by Scott's
attorney.(2) The so-called plan and order accompanied a letter to the district clerk wherein Scott's
attorney explained that the plan and order had been sent to Washington for signature
approximately a month earlier but had not been returned, and that the attorney was "filing this
document with just my signature in order to comply with the outcome of the Hearing on
Defendant's Motion for Level III Discovery Control Plan." However, there is nothing in the
record to indicate that the court conducted a hearing or signed an order with regard to any party's
request for a discovery plan. Thus, there is neither a court order nor an agreement of the parties
that establishes a deadline for filing dispositive motions. See Tex. R. Civ. P. 11 ("no agreement
between attorneys or parties touching any suit pending will be enforced unless it is in writing,
signed, and filed with the papers as part of the record") (emphasis added).

 Because there was neither a signed agreement nor a court order establishing a final
date for filing dispositive motions, we overrule Washington's first issue.(3)


Summary Judgment

 By his second issue, Washington urges that the district court erred in granting
summary judgment because Scott, as a defendant, "failed to negate issues of material fact." Scott
moved for summary judgment on both traditional(4) and no-evidence grounds(5) and additionally
asserted that she was immune from liability as a professional employee of a school district "acting
within the scope of [her] duties" with the district when she complained of Washington's actions.(6) 
Scott's summary-judgment proof included a portion of the county-court-at-law reporter's record
of Washington's criminal trial. Washington did not file a response to Scott's motion. Because
Scott negated at least one essential element of Washington's cause of action, we will overrule
Washington's second issue. We thus will address only the portion of Scott's motion that sought
a traditional summary judgment. See Tex. R. App. P. 47.1 (opinion to be as brief as practicable
to decide issues necessary to final disposition).

 The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and it is entitled to summary judgment as a matter of law. Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). In deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; every reasonable inference will be indulged in favor of the nonmovant with
any doubts resolved in its favor. Id. The dispositive issue is not whether the summary-judgment
proof raises fact issues, but whether the summary-judgment proof establishes as a matter of law
that there is no genuine issue of material fact. Gibbs v. General Motors Corp., 450 S.W.2d 827,
828 (Tex. 1970). For a defendant-movant to obtain a summary judgment, it must disprove, as a
matter of law, one essential element of each of the plaintiff's causes of action. Lear Siegler, Inc.
v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Toungate v. Bastrop ISD, 842 S.W.2d 823, 825
(Tex. App.--Austin 1992, no writ). The purpose of summary judgment is not to deprive a party
of its right to a full hearing on the merits of any real issue of fact but "is the 'elimination of
patently unmeritorious claims or untenable defenses.'" Swilley v. Hughes, 488 S.W.2d 64, 68
(Tex. 1972) (quoting Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952)). We will not
consider any ground for reversal that was not expressly presented to the trial court by written
motion, answer, or other response to the motion for summary judgment. Tex. R. Civ. P. 166a(c);
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 675-77 (Tex. 1979); Gill v. Texas
Dep't of Criminal Justice, 3 S.W.3d 576, 579 (Tex. App.--Houston [1st Dist.] 1999, pet. denied).

 When a nonmovant does not file a response to a traditional motion for summary
judgment, the lack of a response does not supply by default the summary-judgment proof
necessary to establish the movant's right to summary judgment. McConnell v. Southside ISD, 858
S.W.2d 337, 343 (Tex. 1993) (citing Clear Creek Basin Auth., 589 S.W.2d at 678). A nonmovant
who does not file a response to the motion is limited on appeal to arguing the legal sufficiency of
the grounds presented by the movant. McConnell, 858 S.W.2d at 343.

 When, as here, the trial court's summary judgment does not specify or state the
grounds relied upon, we must affirm the court's judgment if any of the summary-judgment
grounds are meritorious. Bradley v. State ex rel. White, 990 S.W.2d 243, 247 (Tex. 1999) (citing
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)).

 The law leaves "little room for error" in a malicious-prosecution case because the
courts must protect "the delicate balance between protecting against wrongful prosecution and
encouraging reporting of criminal conduct." Browning-Ferris Indus. v. Lieck, 881 S.W.2d 288,
291 (Tex. 1994). Public policy disfavors actions that encumber or deter persons from using courts
to pursue and resolve their disputes. See Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 209
(Tex. 1996). There are seven elements in a malicious-prosecution cause of action, all of which
the plaintiff must prove: (1) commencement of a criminal prosecution against the plaintiff; (2)
causation (initiation or procurement) of the action by the defendant; (3) termination of the
prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause
for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. Richey v.
Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). Probable cause is "the existence of
such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within
the knowledge of the prosecutor [complainant], that the person charged was guilty of the crime
for which he was prosecuted." Id. (quoting Akin v. Dahl, 661 S.W.2d 917, 921 (Tex. 1983)). 
The key question is "whether a reasonable person would believe that a crime had been committed
given the facts as the complainant honestly and reasonably believed them to be before the criminal
proceedings were instituted." Lonon v. Fiesta Mart, Inc., 999 S.W.2d 458, 460 (Tex.
App.--Houston [14th Dist.] 1999, no pet.) (citing Akin, 661 S.W.2d at 920-21). It was
appropriate for the district court to answer this question as a matter of law because the events
leading to Washington's prosecution are not in conflict. See Lonon, 999 S.W.2d at 460 (citing
Ramsey v. Arrott, 64 Tex. 320, 323 (1885)).

 Scott testified at Washington's criminal trial that, following a meeting, Washington 
"took my hand and pulled me into him and kissed me on the side of the face." This made her feel
"uncomfortable" and "upset." She testified that she was "offended" by Washington's conduct and
had done nothing to provoke it. She reported the incident to her principal. Some days later, at
the request of the district's superintendent, a Bastrop police officer investigated the event,
interviewed Scott and others, and prepared a complaint charging Washington with "assault,
Misdemeanor C, assault by contact." Washington charges that Scott caused the complaint to be
filed. Assuming without deciding that Scott, not the school district or the investigating officer,
initiated Washington's prosecution, the issue is whether the undisputed facts underlying the
decision to prosecute support a reasonable belief that Washington was guilty of assault. It is not
necessary for the complainant to make a further investigation into the suspect's state of mind or
motive if all objective elements of a crime reasonably appear to have been completed. Thomas
v. Cisneros, 596 S.W.2d 313, 317-18 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.); see
Carswell v. Southwestern Bell Tel. Co., 449 S.W.2d 805, 817 (Tex. Civ. App.--Houston [1st
Dist.] 1969, no writ). "A private citizen has no duty to inquire of the suspect whether he has some
alibi or explanation before filing charges." Marathon Oil Co. v. Salazar, 682 S.W.2d 624, 627
(Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.); see also 52 Am. Jur. 2d Malicious
Prosecution § 54 (1970).

 A person commits a class-C misdemeanor assault if the person intentionally or
knowingly causes physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative. Tex. Penal Code Ann.
§ 22.01 (West Supp. 2000). Scott, a school counselor, submitted evidence that she was directed
by her superintendent to give a statement to the police after she complained that Washington kissed
her. The reporter's record of the criminal trial includes testimony from several persons, who all
found Washington's behavior offensive or inappropriate in a work setting. A coworker testified
that "there's not a lot of touching between adults" in the profession and that he was "surprised" to
see Washington kiss Scott, especially since school personnel frequently addressed sexual
harassment. The principal of the school to which Scott was assigned stated that when Scott
reported the incident to her, she found it serious enough to report it to her supervisor. She went
on to say that the district's superintendent considered the incident "an emergency." The police
officer who interviewed Scott and prepared and filed the criminal complaint testified that he felt
"there was some offensive contact that occurred to Ms. Scott." The record contains no summary-judgment proof to the contrary. We hold that Scott presented undisputed evidence of a reasonable
belief that Washington committed an assault, negating an essential element of malicious
prosecution--absence of probable cause for the proceedings. Therefore, we need not address
whether Scott negated any other element of Washington's claim. See Tex. R. App. P. 47.1. We
overrule Washington's second issue.(7)


CONCLUSION

 Having overruled all of Washington's issues, we affirm the district court's
judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 7, 2000

Do Not Publish

1. Pro se litigants are not excused from complying with applicable rules of procedure: 
"Neither is [the right of self-representation] a license not to comply with the relevant rules of
procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n. 46 (1975). As
stated by the Texas Supreme Court


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves
must comply with the applicable procedural rules, or else they would be given an
unfair advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S.Ct. 1557 (April
3, 2000). In the district court, Washington acted pro se through the signing of the district-court
judgment. At some point thereafter, he obtained counsel who filed a motion for new trial that was
overruled by operation of law. See Tex. R. Civ. P. 329b(c). Washington is represented by
counsel before this Court.
2. This proposal suggests a deadline of January 20, 2000 for filing dispositive motions. Scott's
motion for summary judgment reflects that it was filed by the district clerk on February 16, 2000.
3. Washington does not assert that there was an agreement with Scott, regarding either
discovery or filing motions, "made in open court and entered of record." Tex. R. Civ. P. 11.
4. Tex. R. Civ. P. 166a(b).
5. Tex. R. Civ. P. 166a(i).
6. See Tex. Educ. Code Ann. § 22.051 (West 1995).
7. In his brief, Washington urges this Court to read into his pleadings all possible causes of
action that he could have brought, including "violations of 42 U.S.C. § 1983 [the federal Civil
Rights Act], Slander/Libel and/or Malicious prosecution." Even under the most liberal reading
of Washington's petition, we find nothing that would give rise to an allegation of any cause of
action other than one for malicious prosecution.


e of the suspect whether he has some
alibi or explanation before filing charges." Marathon Oil Co. v. Salazar, 682 S.W.2d 624, 627
(Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.); see also 52 Am. Jur. 2d Malicious
Prosecution § 54 (1970).

 A person commits a class-C misdemeanor assault if the person intentionally or
knowingly causes physical contact with another when the person knows or should reasonably
believe that the other will regard the contact as offensive or provocative. Tex. Penal Code Ann.
§ 22.01 (West Supp. 2000). Scott, a school counselor, submitted evidence that she was directed
by her superintendent to give a statement to the police after she complained that Washington kissed
her. The reporter's record of the criminal trial includes testimony from several persons, who all
found Washington's behavior offensive or inappropriate in a work setting. A coworker testified
that "there's not a lot of touching between adults" in the profession and that he was "surprised" to
see Washington kiss Scott, especially since school personnel frequently addressed sexual
harassment. The principal of the school to which Scott was assigned stated that when Scott
reported the incident to her, she found it serious enough to report it to her supervisor. She went
on to say that the district's superintendent considered the incident "an emergency." The police
officer who interviewed Scott and prepared and filed the criminal complaint testified that he felt
"there was some offensive contact that occurred to Ms. Scott." The record contains no summary-judgment proof to the contrary. We hold that Scott presented undisputed evidence of a reasonable
belief that Washington committed an assault, negating an essential element of malicious
prosecution--a